### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
          v.                 )
                        )   Criminal No. 04-10336-NMG
JULIO SANTIAGO et al.      )
         Defendants     )

### GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S MOTION TO SUPPRESS

The government hereby moves to strike defendant Jose O. Rodriguez's Motion to Suppress. In support of its motion, the government contends that the defendant has failed to file his motion within the schedule set by the Court for pretrial motions pursuant to Fed. R. Crim. P. 12(c) and LR 7.1(a), and therefore Rodriguez's suppression motion at this late juncture should be deemed waived under Fed. R. Crim. P. 12(e).

### RELEVANT BACKGROUND

The pretrial litigation in this twelve-defendant wiretap case has been extensive. Following the arrests and charging of the defendants in October 2004, several pretrial suppression motions were filed and subsequently denied. Defendant Rodriguez was represented by competent counsel, Valerie Carter, at all times during pretrial litigation. On April 12, 2005, defendant Edwin Torrez filed a motion to suppress. (DE 124).[1] The very

---

[1]Docket Entries are cited in this brief as (DE [number of entry] or [date of entry]).

1

next day, defendant Julio Santiago filed a suppression motion.
(DE 128). On May 11, 2005, defendant Zuleima Reyes filed a motion
to suppress the evidence derived from the wiretaps.  (DE 134).
Five days later, defendant Pedro Miranda filed a motion to
suppress. (DE 138).[2]  Per order of the Court, the government was
permitted to file its oppositions to these motions on June 6,
2005.  (DE 04/29/05).  The government complied with the filing
schedule and filed its oppositions on June 6, 2005.  (DE 144 &
145).  On June 17, 2005, defendant Luis Sanchez, complying with
this Court's motion filing deadline (DE 04/29/05), filed a motion
to suppress the evidence derived from electronic surveillance.
(DE 151).  The government similarly complied with the Court's
motion schedule, (DE 04/29/05), and filed its opposition on June
27, 2005.  (DE 154).  Except where specific allowances were made
by the Court, all of the above-cited suppression motions were
filed within the time frame allotted by the Court.

    On September 20, 2005, Judge Nathaniel M. Gorton denied
Santiago's, Reyes', and Luis Sanchez's motions to suppress.  (DE
170).  On November 2, 2005, following an evidentiary hearing,
Judge Gorton denied Torrez's suppression motion.  (DE 188).  On
December 12, 2005, Miranda's motion to suppress was denied

---

    [2]Defendant Miranda moved the Court, with the assent of the
government, to permit him to file his suppression motion three
days late.  (DE 137).  Defendant Rodriguez has filed no similar
motion.

2

following an evidentiary hearing.  Trial was scheduled for March
27, 2006, (DE 11/01/05), although it was subsequently continued
due to scheduling conflicts (DE 02/13/06).

On January 11, 2006, present counsel for Rodriguez filed his
notice of appearance, (DE 203), and Attorney Carter withdrew (DE
205 & 02/10/06).  On March 23, 2006 – the date of a status
conference which was set to determine a new trial date –
Rodriguez filed a motion to suppress evidence.  (DE 215).
Rodriguez did not file a motion seeking permission of the Court
to file his suppression motion late.

**ARGUMENT**

The defendant's motion is clearly untimely.  Indeed,
Magistrate Judge Robert B. Collings' Order after Final Status
Conference Pursuant to Local Rule 116.5(C) specifically noted the
parties had agreed that all non-discovery type motions, including
suppression, severance and dismissal motions, had been filed.
(DE 183).  Rodriguez was represented by able counsel at all
relevant times.  Pursuant to Local Rule 7.1(A) and Fed. R. Crim.
P. 12(c), the Court had set a framework for the disposition of
motions which was followed by all parties in this case.  It
should be enforced.

Rule 12(e) of the Federal Rules of Criminal Procedure
provides,

**Waiver of Defense, Objection, or Request.**  A party waives any
Rule 12(b)(3) defense, objection, or request not raised by the

3

deadline the court sets under Rule 12(c) or by any extension the court provides.  For good cause, the court may grant relief from waiver.[3]

The government submits that "good cause" for relief from waiver should not encompass a defendant's choosing to hire a different attorney at such a late stage in the judicial proceeding – otherwise, the rule truly is reduced to a "paper tiger," without bite or meaning.  See United States v. Nunez, 644 F.2d 719, 722-23 (1st Cir. 1994) (something more than unexplained change of mind must be shown to warrant relief from a Rule 12(f) waiver brought on by defendant's tactical decision)[4]; United States v. Gonzales, 749 F.2d 1329, 1336 (9th Cir. 1984) (relief from waiver properly denied after defendant changed mind about whether to move to suppress).  All parties complied with the pretrial motion filing schedule set by the Court.  Rodriguez should not be given special dispensation to depart unilaterally from that schedule.  There is simply no good reason to permit such a tardy filing, and it would not constitute an abuse of discretion for this Court to refuse to grant relief from waiver under Fed. R. Crim. P, 12(e).

## CONCLUSION

For the above-stated reasons, the government respectfully

---

[3]Rule 12(b)(3) includes a motion to suppress evidence.

[4]Rule 12 was amended in 2002.  See Reporter's Notes (Rule 12(e) is a revised version of Rule 12(f)).

urges this Court to strike Rodriguez's motion to suppress.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/William F. Bloomer
William F. Bloomer
Assistant U.S. Attorney

Dated: 27 March 2006

**CERTIFICATE OF SERVICE**

I, William F. Bloomer, hereby certify that this document filed through the ECF system on March 27, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non registered participants this date via US Postal Service, postage prepaid.

/s/William F. Bloomer
WILLIAM F. BLOOMER

Date: 27 March 2006