United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| ENRIQUE AGOSTO,<br>  Petitioner, | )<br>)<br>) |  |
| v. | )<br>) | Case Nos.<br>04-cr-10336 |
| UNITED STATES,<br>  Respondent. | )<br>)<br>) | 09-cv-11610 |

**MEMORANDUM & ORDER**

**GORTON, J.**

## I. Background

On December 6, 2007, Enrique Agosto ("Agosto" or "petitioner") pled guilty to a single-count charge of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). In the written plea agreement, the parties mistakenly calculated the guideline range for Agosto as 188 to 235 months imprisonment, when, in fact, it was 262 to 327 months. This Court acknowledged their mistake at sentencing on March 6, 2008, but nonetheless accepted the original plea agreement and sentenced Agosto to 188 months in prison, the low end of the (incorrect) guideline range agreed upon by the parties. Agosto is currently serving that sentence.

Agosto filed a motion to vacate, set aside or correct his sentence ("the motion to vacate") on September 25, 2009, pursuant to 28 U.S.C. § 2255. He challenged his conviction and sentence

-1-

on the grounds that trial counsel was ineffective in that he 1) failed to file a timely notice of appeal ("Claim 1"), 2) failed to move for a downward departure at sentencing based on the argument that Agosto's career offender designation overstated the seriousness of his criminal history ("Claim 2"), 3) advised Agosto to accept the plea agreement and told Agosto that if he went to trial he would be sentenced to life in prison ("Claim 3") and 4) failed at sentencing to seek an adjustment for Agosto's minor role in the offense ("Claim 4"). His motion to vacate was referred to Magistrate Judge Robert Collings for a Report and Recommendation ("R&R").

On May 11, 2012, Magistrate Judge Collings issued an R&R recommending that the motion to vacate be denied, concluding that Claims 2 and 4 are procedurally barred and Claims 1 and 3 are without merit. This Court finds the R&R well-reasoned and, after consideration of petitioner's objection thereto, will accept and adopt it in its entirety. The Court writes separately to address whether a certificate of appealability should issue with respect to any of Agosto's claims.

## II. Analysis

### A. Standard

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in the statute. 28 U.S.C. § 2253(c)(2)-(3).

### B. Application

Even under the lenient standard articulated above, a certificate of appealability is unwarranted with respect to Claims 2, 3 or 4. As Magistrate Judge Collings recognized, Claims 2 and 4 are "garden-variety" claims plainly barred by the waiver of appellate rights agreed to by Agosto in the plea agreement. As for Claim 3, even if Agosto could establish that his attorney was constitutionally ineffective for advising him to

-3-

accept the plea agreement and telling him that if he went to trial he would be sentenced to life imprisonment, no reasonable jurist would conclude from the record that Agosto would have insisted on going to trial had he been capably advised. By pleading guilty, Agosto received not only a three-point reduction in his offense level but also the benefit of a sentence that was incorrectly calculated in his favor. There is also little indication that he would have had a plausible defense.

In contrast, Claim 1 presents at a colorable claim for relief, albeit one not persuasive to this Court. In fact, whether counsel is constitutionally ineffective for failing to abide by his client's request to file a timely appeal after his client has already signed a plea agreement is an issue on which the circuit courts of appeals are divided. Compare Campbell v. United States, No. 11-3233, 2012 WL 2923492 (6th Cir. Jul. 19, 2012) (holding that the failure to perfect a direct appeal at the defendant's request is a per se Sixth Amendment violation); United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007); United States v. Tapp, 491 F.3d 263 (5th Cir. 2007); Watson v. United States, 493 F.3d 960 (8th Cir. 2007); Campusano v. United States, 442 F.3d 770 (2d Cir. 2006); United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005); United States v. Garrett, 402 F.3d 1262(10th Cir. 2005); Gomes-Diaz v. United States, 433 F.3d 788 (11th Cir. 2006), with Nunez v. United States, 546 F.3d 450 (7th

Cir. 2008) (holding that if a defendant waives his right to appeal pursuant to a plea agreement, "counsel should protect the client's interest in retaining the benefit of the plea bargain," even if that means ignoring a client's express instruction to appeal); United States v. Mabry, 536 F.3d 231 (3d Cir. 2005). The First Circuit is the only circuit court not to have opined on the issue. Should Agosto appeal, it will be afforded the opportunity to do so.

**ORDER**

In light of the foregoing,

1) the Report and Recommendation (Docket No. 574) is hereby **ACCEPTED** and **ADOPTED**;

2) the motion to vacate (Docket No. 495) is **DENIED**;

3) a certificate of appealability will issue with respect to Claim 1 (ineffective assistance of counsel for failure to file a timely notice of appeal); and

4) certificates of appealability will not issue with respect to Claim 2 (ineffective assistance of counsel for failure to move for a downward departure at sentencing on the ground that the career offender designation overstated the seriousness of petitioner's criminal history), Claim 3 (ineffective assistance of counsel for advising petitioner to accept the plea agreement and telling petitioner that if he went to trial he would be sentenced to life imprisonment); and Claim 4 (ineffective assistance of counsel for failure to seek an adjustment for petitioner's role in the offense).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 25, 2012